UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES A.,

      Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

Case No. 3:22-cv-207

District Judge Michael J. Newman
Magistrate Judge Kimberly A. Jolson

---

**ORDER: (1) SUSTAINING, IN PART, PLAINTIFF'S OBJECTIONS (Doc. No. 13) AND NOT ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 12) TO THE EXTENT IT DECLINED TO FIND THE ALJ ERRED AS SET FORTH BELOW, *INFRA* § IV(A); (2) OVERRULING PLAINTIFFS' REMAINING OBJECTIONS; (3) FINDING THE ALJ'S DECISION CONTAINED HARMLESS ERROR AND AFFIRMING THE ALJ'S NON-DISABILITY DETERMINATION; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

## I.    Introduction

This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore not eligible to receive disability insurance benefits ("DIB").  Doc. No. 8 at PageID 41-52.

Plaintiff now appeals the ALJ's decision.[1]  He seeks an Order remanding the matter to the Social Security Administration for an award of benefits or, at a minimum, for further administrative proceedings.  Doc. No. 9 at PageID 751.

This case was previously referred to United States Magistrate Judge Kimberly A. Jolson pursuant to 28 U.S.C. § 636 and General Order Dayton No. 22-01.  Judge Jolson concluded, in  a

---

[1] This Court has jurisdiction to review such final decisions.  *See* 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

Report and Recommendation ("R&R"), that the ALJ's decision should be affirmed. Doc. No. 12. The case is presently before the Court upon the R&R, *id.*; Plaintiff's objections (Doc. No. 13); the Government's response (Doc. No. 14); the certified administrative record (Doc. No. 8); and the record as a whole.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), the Court has reviewed *de novo* the comprehensive findings of the Magistrate Judge as well as all filings in this matter. Upon careful *de novo* consideration of the foregoing, the Court determines that the R&R should be **OVERRULED**, in part, and **ADOPTED**, in part.

## II. Background

After the Social Security Administration denied Plaintiff's application for DIB at the initial stages of review, the matter proceeded to a hearing before an ALJ. After the hearing, the ALJ issued her decision in which she concluded that Plaintiff was not under a disability. Doc. No. 8 at PageID 41-52. Doing so, the ALJ described and applied the five-step sequential evaluation process mandated by 20 C.F.R. § 404.1520(a). *Id.*; *see Kelly K. v. Comm'r of Soc. Security*, No. 3:21-cv-87, 2022 WL 14941966, at *3 (S.D. Ohio Sept. 9, 2022) (describing the five-step sequential evaluation process).

For present purposes, the significant part of the ALJ's decision concerns her review of the opinions provided record-reviewing physicians, Douglas Chang, MD and Indira Jasti, MD, and by physician assistant Alexandra Starkey, PA-C.[2] Doc. No. 9 at PageID 749-51; Doc. No. 13. Both Dr. Chang and Dr. Jasti thought Plaintiff could perform work activities within the light exertional level with certain limitations (*e.g.*, occasional climbing ramps/stairs; never climbing

---

[2] Plaintiff contends in his Objections to the R&R that the "ALJ's articulation errors cannot be dismissed as harmless." Doc. No. 13 at PageID 790. Plaintiff's Statement of Errors focuses on the ALJ's review of the opinions provided by Drs. Chang and Jasti, and Ms. Starkey. Doc. No. 9 at PageID 749-51.

ladders/ropes/scaffolds; occasional stooping; occasional crouching; occasional crawling).  Doc. No. 8 at PageID 90-92, 99-102.  The ALJ found their opinion—that Plaintiff could perform a limited range of light work— "persuasive as their opinion is generally consistent with the objective physical examination findings, and the diagnostic imaging study results, and the PFT [Pulmonary Function Test] results . . . . "  *Id.* at 48.  The ALJ also found:

> [E]vidence received at the hearing level supports greater limitations with balance and kneeling, exposure to cold, and exposure to hazards.  Specifically, PFT results and the claimant's inability to obtain his other prescribed inhalers would preclude work involving concentrated exposure to extreme temperatures, including cold.  Given the MRI findings, the decreased extension of the left knee and ankle finding, his lack of use of an assistive ambulatory device, and his infrequent refills of albuterol, he would be limited to frequent balancing and occasional kneeling, but he would not be precluded from work around all hazards as Dr. Chang and Dr. Jasti opined.

*Id.*

As to Ms. Starkey's opinion, the ALJ reviewed the medical source statement form that Ms. Starkey completed, which contains her opinions, *id.* at PageID 735-42, and found it "not persuasive as it is not supported by physical examination findings within the primary care records and is not consistent with the physical examination findings with the other clinical records nor consistent with the diagnostic imaging studies of the lumbar spine or the PFT results.  Specifically, the abnormal objective findings within the medical evidence . . . do not support the severity of exertional limitations Ms. Starkey opined nor the feeling, visual, hearing, or hazard limitations she opined. . . ."  *Id.* at PageID 48-49.

Plaintiff now argues that the ALJ erred by failing to articulate the persuasiveness of the "supportability" factor required by 20 C.F.R. § 404.1520(c)(b)(2) when evaluating the opinion evidence and the prior administrative findings.  Doc. No. 9 at PageID 747-51.  The Magistrate Judge, in her R&R, rejected this contention, concluding "Though [the ALJ] used the word

3

'consistent' to describe the relationship between the reviewers' conclusions and the supporting medical records, she was functionally describing supportability and the opinions' 'reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence.'" Doc. No. 12 at PageID 783 (quoting *Mary W. v. Comm'r of Soc. Sec.*, No. 2:20-cv-5523, 2022 WL 202764, at *8 (S.D. Ohio Jan. 24, 2022)).  The Magistrate Judge then observed, "All told, regarding the findings of the state agency reviewers, the ALJ properly considered both supportability and consistency, and supported her conclusion with substantial evidence.  Thus, there was no error in her treatment of the findings." *Id*. at PageID 785.  The Magistrate Judge also reasoned, "The same harmless-error analysis[3] should apply to an ALJ's decision which clearly discusses the consistency of a state-agency reviewer's opinions, which that same opinion was formed upon records which encompassed the relevant period of discovery and the ALJ elsewhere discusses those records in detail." *Id*. at 783 (footnote added).

Considering Ms. Starkey's opinions, the Magistrate Judge found that Plaintiff had conceded the ALJ did address the supportability factor.  *Id*. at 785-86.  After discussing certain medical evidence, the Magistrate Judge further concluded, "the ALJ properly considered both supportability and consistence, and supported her conclusion with substantial evidence."  *Id*. at 786-87.

### III.    Applicable Standards

This Court has previously described, and incorporates herein, the standards applicable to judicial review of an ALJ's decision.  *Earley v. Comm'r of Soc. Sec.*, No. 3:19-cv-351, 2020 WL 7136990, at *3-*4 (S.D. Ohio Dec. 7, 2020).  It suffices to note that this Court's inquiry on a Social

---

[3] Referring to the harmless-error analysis in *Vaughn v. Comm'r of Soc. Sec.*, No. 20-cv-1119-TMP, 2021 U.S. Dist. LEXIS 134907, at *34-*35  (W.D. Tenn. July 20, 2021).

Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ applied the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).

This Court has also previously recognized, and incorporates herein, the regulatory standards ALJs use to evaluate opinions provided by medical sources. *Kelly K.*, 2022 WL 14941966, at *3. It suffices to reiterate that ALJs "must evaluate each medical source opinion's persuasiveness based on its: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) 'other factors that tend to support or contradict a medical opinion or prior administrative medical finding.'" *Id.* (quoting 20 C.F.R. § 404.1520c(c)). Of these, supportability and consistency are the most important factors; ALJs must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] determination or decision." *Id.*

## IV.    Discussion

### A.  The Supportability and Consistency Factors

Plaintiff contends that the ALJ failed to properly evaluate the state agency reviewers' opinions under the supportability factor and merely found their opinions "either consistent or inconsistent with the overall medical record, which only addresses the consistency factor." Doc. No. 9 at PageID 749. Plaintiff argues that the ALJ likewise found Ms. Starkey's opinions "'not supported' by and 'not consistent' with other medical records, but this conflates the supportability factor with the consistency factor." *Id.* (emphasis omitted).

The Commissioner argues that the ALJ addressed the supportability factor and properly relied on a harmless error analysis based on the reasoning in *Vaughn*, *supra*, n. 3. Doc. No. 14 at PageID 793-94. The Commissioner also argues that an additional basis exists for harmless error

5

because the ALJ added limitations to the RFC assessments provided by Drs. Chang and Jasti.  *Id*. at 794-95.  The Commissioner concludes that substantial evidence supports both the ALJ's evaluation of the medical opinions and the ALJ's overall decision.  *Id*. at 796.

Upon *de novo* review of the R&R and the entire record, the Court finds that the Magistrate Judge erred by weakening the significance the regulations place on the "supportability" factor that ALJs must evaluate when reviewing medical source opinions.  This occurred even though the Magistrate Judge correctly observed that "supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered."  Doc. No. 12 at PageID 780.  The Magistrate Judge, however, found "that the ALJ did evaluate the sources the reviewers based their opinions on."  *Id*. at 781.  The Magistrate Judge "notes the inherent lack of a clear delineation between supportability and consistency when an ALJ evaluates the opinion of a review, like a state agency physician, who forms her opinion after a holistic review of the medical evidence of record."  *Id*. at 637.  This is incorrect.  Rather than a clear lack of delineation, the regulations provide distinct descriptions of supportability and consistency by including in each a singular emphasis.  On the one hand, supportability emphasizes a medical source's explanations:  "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)…, the more persuasive the medical opinions will be."  20 C.F.R. § 404.1520c(c)(1).  On the other hand, consistency emphasizes the need to compare medical source opinions with other evidence of record: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."  20 C.F.R. § 404.1520c(c)(2).

> In other words, supportability addresses whether a medical professional has sufficient justification for their *own* conclusions.  *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.).  Consistency, by contrast, requires the ALJ to compare the

medical opinion at issue to "*other* medical and nonmedical sources."  *Ford v. Comm'r of Soc. Sec.*, No. 1:22-CV-00524, 2023 WL 2088157, at *17 (N.D. Ohio Jan. 31, 2023).

*Elizabeth A. v. Comm'r of Soc. Sec.*, No. 2:22-cv-02313, 2023 WL 5924414, at *4 (S.D. Ohio September 12, 2023).

Rather than adhering to these differences, the Magistrate Judge thought the ALJ was functionally describing supportability and "identified particular objective evidence upon which the reviewers formed their opinions, and elsewhere discussed in detail why that evidence was significant to Plaintiff's RFC."  Doc. No. 12 at Page ID 783-84.  This misses the supportability factor's instruction that requires ALJs to consider whether or not a medical source has explained—or sufficiently justified—his or her own opinion.  *See* § 404.1520c(c)(1); *Elizabeth A.*, 2023 WL 5924414, at *4.  On this point, the supportability factor makes both medical and intuitive sense.  A doctor who explains his or her opinion generally presents a more persuasive opinion than one who does not.  If a medical source also explains why certain objective medical evidence supports his or her opinion, all the better—the opinion becomes even more persuasive.  *See Elizabeth A.*, 2023 WL 5924414, at *4.  But one who provides mere conclusions unsupported by explanation offers little, if anything, persuasive.

Further, the regulation's articulation directive to ALJs requires them to "explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions."  20 C.F.R. § 404.1520c(b)(2).  The ALJ's failure to explain how she considered the supportability of the state agency psychologists' opinions does not satisfy § 404.1520c(b)(2)'s articulation requirement.  As one case cogently explains, "It is not the role of a reviewing court to comb the record and imagine manifold ways in which the factors could have been applied to the evidence that was presented.  The administrative adjudicator has the obligation in the first instance

to show his or her work, i.e., to explain in detail *how the factors actually were applied* in each case, to each medical source." *Hardy v. Comm'r of Soc*. Sec., 554 F.Supp.3d 900, 909 (E.D. Mich. Aug. 13, 2021) (emphasis in original).

Regarding Ms. Starkey's opinions, the Magistrate Judge also found "the ALJ's discussion of both supportability and consistency sufficient, and her conclusion supported by substantial evidence." Doc. No. 12 at PageID 786. Yet, the ALJ conflates the supportability and consistency factors when reviewing Ms. Starkey's opinions in the same problematic ways previously discussed regarding her review of the opinions provided by the record reviewing physicians. *See supra*, § IV(A); *see also* Doc. No. 8 at PageID 48-49.

For the above reasons, Plaintiff's objections are sustained in part on the ground that the ALJ erred by conflating the supportability and consistency factors and by failing to articulate how she evaluated the supportability factor in regard to the opinions provided by Dr. Chang, and Dr. Jasti, and Ms. Starkey. It remains possible, however, that the ALJ's errors were harmless. *See Lorraine R. v. Comm'r of Soc. Sec.*, No. 3:20-cv-00396, 2022 WL 4232839, at *4 (S.D. Ohio Sept. 14, 2022). Indeed, the parties disagree over the issue of whether the ALJ's errors were harmless, and the Magistrate Judge observed, "This same harmless-error analysis [in *Vaughn*, *supra* n.3] should apply to an ALJ's decision which clearly discusses the consistency of a state agency reviewer's opinion, when that same opinion was formed upon records which encompassed the relevant period of discovery and the ALJ elsewhere discusses those records in detail." Doc. No. 12 at PageID 783.

### B. Harmless Error

An ALJ's failure to apply the correct legal criteria may be excused as harmless, thus leaving no reason for remand. *See Lorraine R*, 2022 WL 4232839, at *4; *Stephen D. v. Comm'r of Soc.*

8

*Sec.*, No. 1:21-cv-00746, 2023 WL 4991918, at *18 (S.D. Ohio Aug. 4, 2023) (R&R) ("Nearly all of the errors made by an ALJ in social security cases are subject to harmless error analysis"). "Courts 'will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Stephen D.*, 2023 WL 4991918, at *18 (quoting *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009)). Plaintiffs have the burden to show that any error was not harmless. *Hague v. Comm'r of Soc. Sec.*, No. 2:18-cv-419, 2019 WL 4071718, at *3 (S.D. Ohio August 28, 2019) (citing *Thomas v. Comm'r of Soc. Sec.*, No. 2:18-CV-108, 2019 WL 642679, at *13 (S.D. Ohio Feb. 15, 2019), *report and recommendation adopted,* No. 2:18-CV-108, 2019 WL 2414675 (S.D. Ohio June 7, 2019) ("'The burden of showing harmfulness is normally on the party attacking an agency's determination.'" (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009))).

Plaintiff's Objections to the R&R (Doc. No. 13), his Statement of Errors (Doc. No. 9), and his Reply (Doc. No. 11) do not satisfy his burden of demonstrating that the ALJ's errors were more than harmless. He does not point to evidence conflicting with the opinions of Drs. Chang and Jasti or concurring with Ms. Starkey's opinions. *See* Doc. Nos. 9, 11, 13. Indeed, a *de novo* review of the administrative record does not reveal an opinion by a treating, non-treating, examining, or other medical source that conflicts with the opinions provided by the state agency reviewers or that concurs with Ms. Starkey's opinions. Without such evidence in the administrative record, Plaintiff has not shown that the ALJ's errors prejudiced him on the merits or denied him a substantial right. *See Rabbers*, 582 F.3d at 648 (finding ALJ's error harmless); *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Nov. 4, 2004) (citing *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result")). In

addition, although the ALJ found persuasive the opinions provided by Dr. Chang and Dr. Jasti, the ALJ included in her assessment of Plaintiff's RFC more restrictions than either physician identified. *See* Doc. No. 8 at PageID 48. To the extent, the ALJ did not wholly credit their opinions and reached conclusions about Plaintiff's RFC that found him more limited by his impairments than either Dr. Chang or Dr. Jasti believed. This again shows the ALJ's errors did not prejudice Plaintiff or deny him a substantial right. *See Gwendolyn F.H. v. Comm'r of Soc. Sec.*, No. 3:22-cv-214, 2023 WL 5772796, at *4 (S.D. Ohio Sept. 7, 2023); *see also Rabbers*, 582 F.3d at 648; *Kobetic*, 114 F. App'x at 173.

## V.     Conclusions

For the above reasons, the Court **ORDERS** that: (1) Plaintiff's objections to the Magistrate Judge's Report and Recommendation are **SUSTAINED IN PART** and the Magistrate Judge's Report and Recommendation is **NOT ADOPTED** to the extent it declines to find the ALJ erred as set forth above, *supra*, § IV(A); and (2) Plaintiff's objections to the Magistrate Judge's Report and Recommendation are otherwise **OVERRULED**.

The Court concludes that although the ALJ's decision contained errors, those errors were harmless, and, consequently, his non-disability determination is **AFFIRMED**. This case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

September 28, 2023                                        s/Michael J. Newman
                                                              Hon. Michael J. Newman
                                                              United States District Judge